## Hoops v. Culbertson & Reno.

1. Practice: WAIVER OF MOTION. When the record discloses no action upon a motion filed, the Supreme Court will presume that it was waived.

2. Garnishment: ANSWER. Notice of garnishment was served on the 8th; the defendant answered that he was indebted to the judgment defendant on "the evening of the 7th, and about the time of the service of the garnishment," &c.: *Held*, That the answer warranted the presumption that indebtedness existed at the time of the service of the notice.

*Appeal from Johnson District Court.*

SATURDAY, OCTOBER 22.

Hoops obtained judgment against Byington, and under an execution issued thereon, defendants were summoned as garnishees on the 8th of March, 1860. On the same day, Byington obtained an injunction, staying all proceedings on said judgment. On the 23d, a commissioner was appointed to take the answer of said garnishees, who took the same, and filed his report on the next day. A motion was made, on the day last named, to vacate the order of appointment. April 3d, 1860, the injunction was dissolved,

and on the next day judgment was rendered against the garnishees. On the 6th of the same month, an appeal was taken to this court from the order dissolving the injunction, and a motion filed to set aside the judgment against the garnishees. This motion was overruled, and defendants having duly excepted, prosecute this appeal.

*L. Byington* for the appellants.

*Edmonds & Ransom* for the appellee.

WRIGHT, Ch. J.—The case has not been argued by appellants, and we are left to infer the grounds upon which they ask a reversal. We shall dispose of the case, by stating our views of the law, upon the main points made in the assignment of errors.

The motion to vacate the order appointing the commissioner to take the answer of defendants, was never called

1. PRAC-TICE: waiver of motion.

to the attention of the court, nor any action asked upon it. We can only presume, therefore, that it was waived. Not only so, but it was based mainly upon the ground of the then existing injunction. As this was dissolved *before* the judgment was rendered, the objection made was removed, and defendants were not prejudiced. Then again, the judgment against them was ordered to be stayed (in view of the appeal in the injunction proceedings, we suppose), and thus in effect did they obtain the benefit of all that they could reasonably ask.

The notice was served on the garnishees, March the 8th, 1860, and they answer that they were indebted to Bying-

2. GARNISH-MENT: answers.

ton "on the evening of the 7th, about the time of the service of garnishment, in the sum of, &c." Upon this answer the court was justified in concluding that defendants were indebted at the time of the service. Aside from the language, "about the time of the service, &c.," the presumption is, that the indebtedness,

if existing on the 7th, continued until they had notice of the proceedings against them. If it did not, it was their duty to have so stated, and rebutted the presumption thus arising. The injunction proceedings are not before us, and we are hence unable to ascertain the full extent and object of that proceeding. We cannot presume that the court violated the mandate of the writ, in allowing the commissioners to take the answer of the defendants *before* the dissolution of the injunction. Not only so, but as the injunction was afterwards dissolved, and that order affirmed in this court, the action of the court in appointing the commissioner, was at most an error without prejudice, and affords no ground for complaint. This disposes of the several points made, as we understand the record, and the action of the court is therefore

Affirmed.